**The UNITED STATES, Appellant,**

v.

**BORDER BROKERAGE COMPANY, Inc., Appellee.**

Customs Appeal No. 5440.

United States Court of Customs and Patent Appeals.

June 15, 1972.

L. Patrick Gray, III, Asst. Atty. Gen., Andrew P. Vance, Chief, Customs Section, Michael M. Hunter, New York City, for the United States.

Glad, Tuttle & White, Los Angeles, Cal., attorneys of record, for appellee; George R. Tuttle, Los Angeles, Cal., of counsel.

Before RICH, ALMOND, BALDWIN and LANE, Judges.

BALDWIN, Judge.

This appeal is from the decision and judgment of the Customs Court, First Division, sustaining appellee's protest concerning the classification of certain plastic planting bullets, used for planting and growing trees. The opinion of the Customs Court, familiarity with which is assumed, appears at 65 Cust.Ct. 277, C.D. 4089 (1970). The court held that the merchandise qualified for duty-free entry under item 666.00, TSUS, as "agricultural implements not specially provided for."

After a thorough consideration of appellant's arguments, we have difficulty with only one aspect of the opinion of the Customs Court. In dealing with appellant's argument that the court could not consider the testimony of one of appellee's witnesses, the court stated:

> Mr. Howard has observed the bullets in issue being used for the planting of Douglas fir and hemlock, but his personal observation has been limited to British Columbia. Although the defendant acknowledges that Mr. Howard is an executive concerned with the designing of the bullets, since he has never seen the merchandise used in the United States the defendant *properly* asserts that Mr. Howard cannot testify to chief use in the United States. * * * [Emphasis added.]

There are other statements in the court's opinion which indicate that Howard's testimony was considered anyway, and at any rate the court relied on the testimony of appellee's other witness, which was directed to uses of the merchandise within the United States. However, we think that the above-quoted statements could give rise to the erroneous inference that Howard's testimony was either incompetent or irrelevant. We are of the opinion that evidence of the chief use of the planting bullets in the province of British Columbia is *probative* with respect to what its chief use in the United States might be. Surely one would not expect the chief use of such merchandise to differ substantially depending upon which side of the Washington/British Columbia border one happened to be on. Appellant has not seriously questioned Howard's competence to testify as to the use of the planting bullets he observed in British Columbia. His testimony was thus properly before the Customs Court.

We are otherwise in full agreement with the opinion of the Customs Court, and we adopt it as our own. The judgment is affirmed.

Affirmed.